# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1080V
Filed: June 16, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JEAN DE BARY, | |
|       Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza (Flu) Vaccine; Shoulder |
| | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | (SIRVA); Special Processing Unit (SPU) |
|       Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Ilene Claire Albala*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 29, 2016, Jean De Bary ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury to her left shoulder as a result of an influenza ("flu") vaccine she received on October 4, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 18, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On June 16, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $80,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $80,000.00, in the form of a check payable to petitioner, <u>Jean De Bary</u>.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEAN DE BARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 16-1080V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

On November 18, 2016, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation. Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        VORIS E. JOHNSON, JR.
        Senior Trial Attorney
        Torts Branch, Civil Division

        *s/ Ilene Albala*
        ILENE ALBALA
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Ben Franklin Station
        Washington, D.C. 20044-0146
        Direct dial: (202) 616-3655

Dated: June 16, 2017